UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRELY VAZQUEZ RIVERA,

      Plaintiff,

vs.                                CASE NO.:

CIRCLE K STORES, INC.,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL OF ACTION

Defendant, CIRCLE K STORES, INC., by and through the undersigned counsel, and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Rule 81(c) of the Federal Rules of Civil Procedure, and Local Rule 4.02 for the United States District Court for the Middle District of Florida, hereby serves its Notice of and Petition for Removal of the above-styled action from the Circuit Court of the Ninth Judicial Circuit of the State of Florida, in and for Osceola County, to the United States District Court for the Middle District of Florida, Orlando Division, and in support thereof would state as follows:

1.      On or about June 29, 2022, Plaintiff filed an action against Defendant in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, case number 22-CA-1683, seeking damages following an incident that occurred on a store premises owned and operated by Circle K Stores, Inc.

2.      Plaintiff filed a Complaint (hereinafter the "Complaint") against Defendant. A copy of Plaintiff's Complaint is attached and incorporated herein as Exhibit A.

3.      In the Complaint, Plaintiff seeks damages for bodily injuries resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn, and aggravation of previously existing conditions. These injuries are further alleged to be either permanent or continuing in nature. Exh. A, ¶12.

4.      Defendant's statutory agent was served with the Complaint on August 2, 2022 pursuant to Section 48.151, Florida Statutes. A copy of the Notice of Service of Process on Defendant is attached and incorporated herein as Exhibit B.

5.      On or about August 22, 2022, Defendant served its timely Answer and Defenses to Plaintiff's Complaint. A copy of that Answer is attached and incorporated herein as Exhibit C.

6.      Defendant hereby gives notice of the exercise of its rights under the provisions of 28 U.S.C. section 1441 to remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida.

7.    Defendant asserts that it is not in default, and this Notice of Removal has been filed within thirty (30) days of service of Plaintiff's Complaint. Exh. C.

8.    Venue properly rests with the Orlando Division of the United States District Court for the Middle District of Florida, as this action is being removed from the Ninth Judicial Circuit in and for Osceola County, Florida. 28 U.S.C. §§ 1441(a), 1446(a).

9.    Defendant asserts that the Complaint could have been filed originally in this Court under 28 U.S.C. section 1332 as complete diversity citizenship exists between the parties, and the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs.

10.    The claims are causes of action against Defendant which would be removable under the terms of 28 U.S.C. §1441(b) and this Court would have original jurisdiction of such claims or causes of action under 28 U.S.C. §1332(a).

11.    Defendant asserts that there is complete diversity.  In this regard, Plaintiff states in her Complaint that she is a resident of Osceola County, Florida. Exh. A ¶2.

12.    Defendant, Circle K Stores Inc. is a Texas corporation with its principal place of business in Arizona.  See the Affidavit of Al Smith of Circle K Stores, Inc. which is attached and incorporated as Exhibit D.

13.     Defendant asserts that the amounts in controversy exceed $75,000, exclusive of interest and costs.

14.     Although Defendant denies the merits of the assertions made by Plaintiff in her Complaint, those claims satisfy the jurisdictional amount in controversy requirements in this diversity action.

15.     On or about February 22, 2022, Plaintiff demanded Defendant's policy limits and provided arguments and documents to support her valuation of the claim. (Defendant notes that Defendant previously disclosed a self-insured retention limit of $500,000). A copy of Plaintiff's Demand dated February 22, 2022 is attached and incorporated herein as Exhibit E.

16.     As part of her demand, Plaintiff produced past medical bills allegedly related to the accident totaling $40,825.34. Copies of Plaintiff's medical bills provided in support of her Demand are attached and incorporated herein as Exhibit F.

17.     Plaintiff also produced a Future Medical Care Evaluation from Complete Care Centers stating that Plaintiff's alleged future medical care as a direct result of the subject incident would total $180,192.00. A copy of Plaintiff's Future Medical Care Evaluation is attached and incorporated herein as Exhibit G.

18.     Separate from the above-referenced Future Medical Care, Plaintiff was also recommended for future medical treatments with an estimated cost of

$40,625.60. Copies of Complete Care Centers' Cost Estimates are attached and incorporated herein as Exhibit H.

19.    Lastly, in her Demand, Plaintiff alleges past pain and suffering damages in the amount of $52,960.00 and future pain and suffering in the amount of $2,224,456.00. Exh. E.

20.    Defendant also notes that Plaintiff's Demand does not indicate a specific amount of damages for her alleged lost earnings or loss of future earnings, which were also pled.

21.    In cases in which a plaintiff has not plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. Kirkland v. Midland Mortg. Co., 243 F.3d 11277, 1281 n.5 (11th Cir. 2001).

22.    A removing party may establish that the amount in controversy is more likely than not satisfied if the alleged damages in a claimant's pre-suit demand are buttressed by accompanying medical records and bills showing that the claimant's past and/or future medical expenses exceed $75,000. See Poltar v. LM Gen. Ins. Co., 2020 WL 4047899, at *3 (M.D. Fla. July 20, 2020) (determining that the amount in controversy was met because claimants' pre-suit demands contained medical bills incurred as well as detailed estimates of future potential medical costs); see also Chiu v. Terminix Co. Int'l, L.P., 2016 WL 1445089, at *2

(M.D. Fla. Apr. 13, 2016) (determining that the amount in controversy was met based on a pre-suit demand letter that included detailed medical records regarding past medical expenses and detailed estimates of future medical expenses contained in a life care plan); <u>Lutins v. State Farm Mut. Auto. Ins. Co.</u>, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010) (determining that the amount in controversy was satisfied because a pre-suit demand letter contained medical records and bills establishing that incurred medical expenses plus future surgeries exceeded $75,000); <u>Sinton v. Creative Hairdressers, Inc.</u>, 2010 WL 11602240, at *4 (S.D. Fla. Mar. 26, 2010) (determining that the amount in controversy was met because the pre-suit demand package contained supporting documentation regarding incurred medical expenses).

23.     Defendant asserts that information obtained from Plaintiff to date demonstrates that the amount in controversy exceeds $75,000.

24.     Copies of all process, pleadings, orders and other papers or exhibits of every kind on file with the State Court are being filed contemporaneously with this Notice of Removal as exhibits to Defendant's Notice of Filing.

25.     Accordingly, all the prerequisites for removal under 28 U.S.C. § 1441 have been met. However, if any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present further evidence and legal authority in support of its position.

WHEREFORE, Defendant CIRCLE K STORES, INC. prays that this action be removed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served on the following known counsel of record: cbisset@forthepeople.com, erubio@forthepeople.com, Christina E. Bisset, Esquire, Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, Orlando FL 32801 on September 1, 2022.

/s Catherine Verona
Catherine M. Verona, Esquire
Florida Bar No.: 0506559
Robert M. Stoler, Esquire
Florida Bar No.  816256
**STOLER RUSSELL KEENER VERONA**
201 N. Franklin Street Suite 3100
Tampa, Florida 33602
TEL: (813) 609-3200
stolerservice@stolerrussell.com
Attorneys for Defendant