Filing # 152407765 E-Filed 06/29/2022 11:20:56 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO:

MIRELY VAZQUEZ RIVERA,

    Plaintiff,

vs.

CIRCLE K STORES, INC,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, MIRELY VAZQUEZ RIVERA, and sues Defendant, CIRCLE K STORES, INC., and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Osceola County, Florida.

1



3. At all times material to this action Defendant, CIRCLE K STORES, INC., is an incorporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, CIRCLE K STORES, INC., was the owner and in possession of a certain commercial property, located at 1297 Simpson Rd, Kissimmee, FL 34744, where the incident described in this Complaint occurred and was responsible for the maintenance and upkeep of said premises, including the common areas of the property, which is open to the general public, including the Plaintiff herein.

5. At that time and place, CIRCLE K STORES, INC., had ownership and/or custody and/or control of the aforementioned premises and as such had a non-delegable duty to maintain the subject premises in a safe condition for invitees, including Plaintiff, MIRELY VAZQUEZ RIVERA, herein.

6. On or about March 28, 2021, Plaintiff, MIRELY VAZQUEZ RIVERA, was an invitee at Defendant's premises located at the above address when she tripped and fell on a raised/uneven poorly maintained portion of pavement, causing her to sustain injuries as set forth.

7. At said time and place, Plaintiff, MIRELY VAZQUEZ RIVERA, was lawfully upon the premises of Defendant, CIRCLE K STORES, INC., who owed Plaintiff a duty to exercise reasonable care for her safety.

8. At the time Plaintiff, MIRELY VAZQUEZ RIVERA, was at the above address, a dangerous condition existed on said premises. This dangerous condition consisted of a raised/uneven poorly maintained portion of pavement.

9. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises/parking lot, thus creating a trip hazard to members of the public utilizing said premises/parking lot, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises/parking lot as specified above, to ascertain whether the raised/uneven poorly maintained portion of the parking lot constituted a trip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/parking lot, when Defendant knew or through the exercise of reasonable care should have known that said premises/parking lot was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the portion of the parking lot on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/parking lot for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

j) Negligently failing to render aid to Plaintiff after her fall and/or negligently rendering aid to Plaintiff after her fall.

3

10. As a result, while Plaintiff was utilizing the above-referenced parking lot, she tripped and fell on a raised/uneven poorly maintained portion of the parking lot, sustaining injuries as set forth.

11. The specific manner in which Plaintiff, MIRELY VAZQUEZ RIVERA, was injured was foreseeable to Defendant and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

12. As a direct and proximate result of the negligence of Defendant, CIRCLE K STORES, INC., Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The Plaintiff has already suffered from all of these injuries, damages, harms and losses in the past and they are either permanent or continuing and Plaintiff will continue to suffer from these injuries, damages, harms, and losses into the future.

WHEREFORE, the Plaintiff, MIRELY VAZQUEZ RIVERA, sues the Defendant, CIRCLE K STORES, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 29th day of June, 2022.

/s/ *Christina E. Bisset, Esq.*
CHRISTINA E. BISSET, ESQ.
FBN 118096
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801

4

Telephone:     (407) 849-2975
Facsimile:     (407) 245-3495
Primary email: cbisset@forthepeople.com
Secondary email: erubio@forthepeople.com
Attorneys for Plaintiff